

JUL - 8 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jess Calvin Toney,<br>Petitioner, | )<br>)<br>) |
| v. | ) 1:13cv570 (CMH/JFA)<br>) |
| Eric D. Wilson,<br>Respondent. | )<br>)<br>) |

MEMORANDUM OPINION

Jess Calvin Toney, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he has not received credit for the eight (8) months in 2005 that he spent in a federal facility. Respondent has filed a response to the petition in which he argues that Toney is not entitled to double credit for time served and attaches multiple exhibits. As such respondent's response, docket no. 8, will be construed as a motion for summary judgment and will be granted.[1] For the reasons that follow, Toney is not entitled to the relief he seeks, and his petition will be dismissed.

I. Background

On December 13, 2001, Toney was arrested in Charlottesville, Virginia. Resp. Ex. 1. On October 11, 2002, Toney was found guilty of "various offenses" and sentenced to four years and six months incarceration in a Virginia state prison. Giddings Aff. ¶ 5, Attach. 1. On February 11, 2004, the United States Marshals Service ("USMS") executed a federal writ of habeas corpus ad prosequendum to bring Toney into temporary federal custody to face pending federal criminal charges. Giddings Aff. ¶ 6, Attach. 2. On September 9, 2004, the United States District Court for

---

[1] The Court provided Toney with the notice required by E.D. Va. Local Civ. R. 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), in its August 30, 2013 order. Docket No. 6.

the Western District of Virginia found Toney guilty of possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm while being an unlawful user of a controlled substance. The court sentenced Toney to a 117 month federal term of imprisonment, 60 months and 57 months, respectively, for each charge. See United States v. Toney, No. 3:03CR00116-01, at dkt. no. 58 (W.D. Va. 2003). The court ordered that Toney's sentence "run consecutively with the defendant's imprisonment under any previous state or federal sentence." Giddings Aff. ¶ 17.

On October 20, 2004, the USMS returned Toney to the Virginia Department of Corrections ("VDOC") to serve the remainder of his state sentence. Giddings Aff. ¶ 8. Toney completed his state sentence on September 24, 2007. Giddings Aff. ¶ 11. That same day, the USMS transferred Toney to federal custody to begin his federal sentence. Giddings Aff. ¶ 11.

The United States District Court for the Western District of Virginia reduced Toney's sentence twice: first to 106 months on September 15, 2008 and second to 97 months on October 6, 2011. Giddings Aff. ¶¶ 12-13, Attachs. 4-5. Both orders stated that all other provisions of the judgment remained in effect, causing Toney's federal sentence to run consecutively with his state sentence.

According to the Bureau of Prison's ("BOP") sentence computation, Toney's federal sentence commenced on the date he completed his Virginia sentence: September 24, 2007. Giddings Aff. ¶ 14. The BOP has not awarded Toney any prior custody credit. Id. In this petition for habeas relief, pursuant to § 2241, Toney argues that he is entitled to credit for the period of February 13, 2004 to October 20, 2004, the time in which states he was in temporary federal custody pursuant to a federal writ of habeas corpus ad prosequendum. Pet. 8.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact

finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

## III. Analysis

"Challenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241." U.S. v. Little, 392 F.3d 671, 679 (4th Cir. 2004). As such, a "request for sentencing credit is properly brought under § 2241." Id.

Toney seeks to have the time he spent in federal detention from February 13, 2004 to October 20, 2004, credited toward his federal sentence. Pet. 3, 8. Respondent is entitled to the summary judgment he seeks because, as other courts have held in considering similar facts, Toney is entitled to no credit. See Alls v. Stansberry, 2010 WL 723034 (E.D. Va. Mar. 1, 2010), aff'd, 396 Fed. App'x 932 (4th Cir. 2010).

It is well established that after a district court imposes a sentence, the Attorney General, through BOP, is responsible for administering the sentence. U.S. v Wilson, 503 U.S. 329, 335 (1992). The authority to determine when a federal sentence commences is uniquely BOP's, subject to federal judicial review under a "deferential abuse-of-discretion standard." See United States v. Hayes, 535 F.3d 907, 909-10 (8th Cir. 2008), cert. denied, 129 S.Ct. 1983 (2009). In this case, BOP concluded that Toney's federal sentence commenced on September 24, 2007, when Toney completed his state sentence and was taken into the primary custody of the United States Marshals Service. This decision was fully consistent with federal law, which holds that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3583(a). As discussed below, BOP credited Toney's sentence with all the time to which he was entitled under

4

§ 3585(b). 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.").

A sovereign obtains primary jurisdiction over an individual by being the "first arresting sovereign and retain[ing] legal custody at all relevant times." See Trowell v. Beeler, 135 F. App'x 590, 594 n.2 (4th Cir. 2005); Rash v. Stansberry, No. 3:10CV836, 2011 WL 2982216 *4 (E.D. Va. Jul. 22, 2011). A sovereign is deemed to have relinquished primary jurisdiction through release on bail, dismissal of charges, parole, and expiration of a sentence. Papadapoulous v. Johns, No. 5:09–HC–2009–FL, 2011 WL 1104136, at *5 n. 4 (E.D.N.C. Mar. 22, 2011) (citing United States v. Cole, 416 F.3d 894, 896–97 (8th Cir.2005); McCollough v. O'Brien, No. 7:06–CV–712, 2007 WL 2029308, at *1 (W.D.Va. July 10, 2007)). Further, a sovereign may voluntarily relinquish primary jurisdiction and permit another sovereign to obtain primary jurisdiction. Hernandez v. U.S. Attorney General, 689 F.2d 915, 918 (10th Cir. 2002); United States v. Cole, 416 F.3d 894, 897 (8th Cir.2005); Parks v. Stansberry, No. 1:10cv1217, 2011 WL 3895298 (E.D. Va. Sept. 1, 2011).

Temporary release of an offender pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. See United States v. Evans, 159 F.3d 908, 912 (4th Cir.1998) (rejecting inmate's argument that a writ of habeas corpus ad prosequendum effectuates a change in custody whereby the sending jurisdiction loses . . . jurisdiction and the receiving jurisdiction gains it); see also U.S. v. Lemus-Rodriguez, 495 Fed.Appx. 723, 726 (7th Cir. 2012) (holding the inmate was not entitled to credit for the forty-two months he spent in federal custody because he was in "the physical custody of federal authorities pursuant to the ad prosequendum

writ."). "This rule derives from the fact that the federal writ of habeas corpus <u>ad prosequendum</u> merely loans the prisoner to federal authorities." <u>Evans</u>, 159 F.3d at 912 (citing <u>Crawford v. Jackson</u>, 589 F.2d 693, 695 (D.C.Cir.1978) ("When an accused is transferred pursuant to a writ of habeas corpus <u>ad prosequendum</u> he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner.").

State authorities had primary custody of Toney from October 11, 2002 until September 24, 2007, because Virginia was the first arresting sovereign. Giddings Aff. ¶ 5. Toney remained in state custody until September 24, 2007, the date on which his state sentence was fully served. Giddings Aff. ¶ 14, 18. Federal authorities accepted primary custody of him that day. <u>Id.</u> This conclusion is bolstered by the fact that Toney was taken into custody by the USMS on February 11, 2004 via a writ of habeas corpus <u>ad prosequendum</u>, to face his pending federal charges, because it demonstrates that he was merely "on loan" from state authorities between February 11, 2004 to October 20, 2004. <u>See</u> <u>Evans</u>, 159 F.3d at 912. During this time, primary custody did not transfer to federal authorities. <u>Id.</u>; <u>Kelly</u>, 661 F.3d at 682; <u>Lemus-Rodriguez</u>, 495 Fed.Appx. at 726.

As such, Toney is not entitled to credit for the time he spent in federal temporary custody pursuant to a writ of habeas corpus <u>ad prosequendum</u> because the state authorities retained primary custody of him. Further, Toney already received credit toward his state sentence for the time he has served from October 11, 2002 until September 24, 2007. Giddings Decl. ¶ 18. Thus, Toney is not entitled to the relief he seeks and his petition will be dismissed.

## IV. Conclusion

For the foregoing reasons, respondent's response, construed as a motion for summary judgment, will be granted, and summary final judgment will be entered in his favor. An appropriate Order shall issue.

Entered this 8th day of July 2014.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia